```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


YEN KIN LY, et al.,              )
                                 )
     Plaintiffs,                 )
                                 )
         v.                      )    1:16cv1447(JCC/IDD)
                                 )
DUNG QUOC TRAN,                  )
                                 )
     Defendant.                  )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on United States Magistrate Judge Ivan D. Davis' Report and Recommendation [Dkt. 60], which recommends that the Court enter default judgment in favor of Plaintiffs Yen Kim Ly, Mai Anh Tran, and Baothu Huynh Nguyen against Defendant Dung Quoc Tran. This matter is also before the Court on Plaintiffs' Partial Objection to the Report and Recommendation [Dkt. 61]. For the reasons that follow, the Court will overrule Plaintiffs' objection, adopt Judge Davis' Report and Recommendation, and enter default judgment in favor of the Plaintiffs in the amount of $301,479.00.[1]

**I. Background**

Plaintiffs Yen Kim Ly, Mai Anh Tran, and Baothu Huynh Nguyen ("Plaintiffs") all individually loaned money to Defendant

---

[1] More specifically, the Court will award $18,000.00 to Plaintiff Ly; $242,394.18 in compensatory damages and $23,538.62 in interest to Plaintiff Tran; and $17,546.20 to Plaintiff Nguyen.

1

Dung Quoc Tran ("Defendant"), a notable Vietnamese singer, with the expectation that he would pay them back. Compl. at 1. Defendant told Plaintiffs a variety of reasons about why he needed their money, from needing to pay for travel expenses to wanting to save a business that he falsely purported to own to having to pay attorney's fees for a crime he allegedly committed while in high school. *Id.,* ¶¶ 17-19, 40. To date, Defendant has failed to pay back the majority of the money that Plaintiffs loaned him. As a result, on November 18, 2016, Plaintiffs filed the instant lawsuit against Defendant, alleging tort claims involving fraud and fraudulent inducement to contract under Virginia law. Although Defendant has wrote to this Court on several occasions [Dkts. 10, 18, 19, 47, 54, 56], he has failed to respond to Plaintiffs' Complaint or appear at any proceedings in this matter.

On April 12, 2017, Plaintiffs moved for entry of default judgment against Defendant. [Dkt. 41.] Following a hearing on May 19, 2017, Judge Davis took the matter under advisement. On August 23, 2017, Judge Davis issued his Report and Recommendation. [Dkt. 60.] Plaintiffs filed a partial objection to this report on September 6, 2017. [Dkt. 61.] This matter is now ripe for disposition.

**II. Legal Standard**

Pursuant to the Federal Rules, whenever a magistrate judge enters a recommendation on a dispositive matter, the

2

district court must review it *de novo*. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### III. Analysis

In the instant case, Plaintiffs' only objection to the Report and Recommendation is its conclusion that they should not be awarded punitive damages, costs, and attorney's fees associated with bringing this action.[2] [Dkt. 61 at 2.] Because the merits of Judge Davis' recommendation, as well as Plaintiffs' objection to that recommendation, turn on the procedural history of this case, the Court will briefly explain that history.

On June 19, 2017, Judge Davis ordered Plaintiffs to file a supplemental memorandum with additional detail regarding their request for damages. [Dkt. 52.] Judge Davis asked for this information because of inconsistencies between the Complaint, the Motion for Default Judgment, and the affidavits to support the Motion for Default Judgment. [*Id.*] The Order initially asked Plaintiffs to provide information on compensatory damages and interest. [*Id.*] In addition, the Order stated that Plaintiffs should provide "the dollar amount of punitive damages requested and support for such a request," as well as "the amount of

---

[2] Accordingly, having reviewed the pleadings and the Report and Recommendation, this Court now adopts Judge Davis' other findings with regards to subject matter jurisdiction, personal jurisdiction, venue, joinder, service of process, the sufficiency of the Complaint, compensatory damages, and interest.

3

attorney's fees and costs associated with this action, including the necessary support required for such a request." [*Id.*] When Plaintiffs' counsel submitted their supplemental memorandum on June 26, 2017 [Dkt. 53], however, it did not include *any* information as to punitive damages, costs, or attorney's fees. [*Id.*] As a result, Judge Davis found that Plaintiffs "failed to provide the necessary information or support" to permit an award to include punitive damages, costs, and attorney's fees. [Dkt. 60 at 19.] Judge Davis then recommended denying Plaintiffs' request for this relief, limiting their award to compensatory damages and interest only. [*Id.*]

Now, Plaintiffs' counsel argues that he understood the Court's Order of June 19, 2017, to be directing Plaintiffs to provide information solely about compensatory damages. [Dkt. 61 at 2.] Due to this misunderstanding, Plaintiffs ask this Court to reconsider Judge Davis' recommendation and review additional information they have since provided to the Court regarding their request for punitive damages, costs, and attorney's fees. [*Id.*]

Having reviewed the pleadings and the Report and Recommendation in this case, the Court finds that Judge Davis' Order was detailed and clear, that Plaintiffs' counsel could have sought clarification of that Order if he had any doubt about its meaning, that Judge Davis gave Plaintiffs multiple opportunities to provide supplemental information to the Court to cure

4

deficiencies in previous filings, and that the additional information provided by Plaintiffs earlier this week is still insufficient to support an award of punitive damages, costs, and attorney's fees.  Accordingly, the Court will overrule Plaintiff's objection and adopt Judge Davis' recommendation denying Plaintiffs' request for the same.

## IV. Conclusion

For the foregoing reasons, the Court will overrule Plaintiffs' Partial Objection [Dkt. 61], adopt Judge Davis' Report and Recommendation [Dkt. 60], and enter default judgment in favor of Plaintiffs in the amount of $301,479.00.[3]

An appropriate order will issue.

|  | /s/ |
|---|---|
| September 11, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[3] More specifically, the Court will award $18,000.00 to Plaintiff Ly; $242,394.18 in compensatory damages and $23,538.62 in interest to Plaintiff Tran; and $17,546.20 to Plaintiff Nguyen.